**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| ANTONIO RAMSEY <br><br> Plaintiff, <br><br> v. <br><br> GEORGIA-PACIFIC LLC, and <br> MIKE HURT, <br><br> Defendants. | Case No. 4:18-cv-00723-NKL |

**ORDER**

Defendants removed this case based on diversity jurisdiction. Doc. 1. However, Defendant Mike Hurt is a citizen of Missouri and this case was removed from a Missouri state court. Because the forum defendant rule precludes removal by a home state defendant, Ramsey argues that this Court lacks subject matter jurisdiction and the case must be sent back to state court. *See* 28 U.S.C. § 1441 (b)(2).

Defendants counter that Mr. Hurt was fraudulently joined because the 2017 amendment to the MHRA eliminated individual liability and any claim against Mr. Hurt individually did not accrue until after that amendment became law in August 2017. Defendants also argue that even if the claim accrued before the amendment became law, Mr. Hurt was not Ramsey's supervisor and is therefore not liable even under the old version of the MHRA.

Because the Court finds that Hurt was not fraudulently joined, Defendants' removal was improper and the Court lacks subject matter jurisdiction. Ramsey's motion to remand, Doc. 16, is granted and Defendants' motion to dismiss, Doc. 3, is denied for lack of subject matter jurisdiction.

## I.    Legal Standard

A defendant may remove to a federal district court a case filed in state court over which the federal court has original jurisdiction.  *See* 28 U.S.C. § 1441(a).  A federal district court has diversity jurisdiction if the amount in controversy exceeds $75,000, and the plaintiff's citizenship is different from the citizenship of each of the defendants.  *See* 28 U.S.C. § 1332(a).  However, a case, otherwise removable solely on the basis of diversity jurisdiction, "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."  28 U.S.C. § 1441(b)(2); *see also Hurt v. Dow Chem. Co.*, 963 F.2d 1142, 1145 (8th Cir. 1992) ("A defendant may not remove to federal court on the basis of diversity if any of the defendants is a citizen of the state where the action was filed.").  The rule prohibiting removal by an in-state defendant is jurisdictional.  *Hurt*, 963 F.2d at 1145 ("The jurisdiction of the lower federal courts, both original and removal, is entirely a creature of statute. . . . If one of the statutory requirements is not met, the district court has no jurisdiction.").

Yet "the right of an out-of-state defendant to remove a diversity suit to federal court 'cannot be defeated by a fraudulent joinder of a resident defendant.'" *Simpson v. Thomure*, 484 F.3d 1081, 1083 (8th Cir. 2007) (quoting *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)).  An in-state defendant is fraudulently joined if "a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010).  On the other hand, "if there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." *Filla v. Norfolk Southern. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).  When "the sufficiency of the complaint . . . is questionable, '. . . the federal court [should] not . . . decide the doubtful question in connection with a motion to remand but simply . . . remand the case and leave the question for the state courts to decide.'" *Id.* at 811 (citation omitted).

As removing parties, defendants Hurt and Georgia-Pacific bear the burden of establishing jurisdiction, *see Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1192 (8th Cir. 2015), which, in this case, requires defendants to show fraudulent joinder. Any doubt concerning whether the Court has jurisdiction "must be resolved in favor of remand." *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009).

## II.     Discussion

Ramsey asserts claims under the Missouri Human Rights Act against Mike Hurt and Georgia-Pacific for race discrimination and creating a racially hostile work environment. Doc. 1-1 (Petition). Ramsey alleges that Hurt repeatedly made racially offensive comments to him and admitted prejudice against him. *Id.* at ¶¶ 20–33. He also alleges that Hurt gave him directions at work and that Hurt was involved in the disciplinary process. *Id.* ¶¶ 15–16; Doc. 17-1 (Ramsey Declaration), ¶¶ 4–6. Ramsey alleges that as a result of Hurt's racial harassment, Ramsey was constructively discharged in June 2017, after his complaints of harassment were ignored. Doc. 1-1 (Petition), ¶¶ 38–39. Ramsey contends that these allegations are sufficient to support a direct claim against Hurt, because the relevant version of the MHRA defines "employer" broadly.

Defendants provide two arguments for why Ramsey's claim is against Hurt is fraudulent.[1] First they argue that Ramsey's claim against Hurt accrued after the effective date of the MHRA amendment which eliminated individual liability. This argument is premised on the assumption that no MHRA claim can accrue until after a Right to Sue Notice is issued. Second, Defendants

---

[1] Because the standard for remand is different from the standard for a motion to dismiss, the Court does not consider the Defendants' briefing on the motion to dismiss. *See Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) ("By requiring the defendant to prove that the plaintiff's claim against the non-diverse defendant has no reasonable basis in law and fact, we require the defendant to do more than merely prove that the plaintiff's claim should be dismissed pursuant to a Rule 12(b)(6) motion.")

argue that even if Ramsey's claim against Hurt accrued before August 2017, Hurt was not Ramsey's supervisor and therefore could not be liable even under the older version of the MHRA.

In Missouri, "'[a] cause of action accrues when . . . damages are sustained and are capable of ascertainment.'" *Day v. deVries & Assocs., P.C.*, 98 S.W.3d 92, 95–96 (Mo. Ct. App. 2003) (quoting *Elmore v. Owens–Illinois, Inc.*, 673 S.W.2d 434, 436 (Mo. 1984)).

Relying on *De Paul Hosp. Sch. Of Nursing, Inc. v. Sw. Bell Tel. Co.,* 539 S.W2d 542 (Mo. App. 1976), Defendants effectively argue that no MHRA claim accrues until a Right to Sue Notice is issued because that administrative action is a prerequisite to filing suit in court. But in *De Paul*, the Missouri Court held that no liability, much less damages, could be ascertained until the Public Service Commission (PSC) determined the rate that plaintiff should have been charged. *De Paul*, 539 S.W.2d at 546–47. Before that administrative decision, it was possible that the plaintiff nursing school had not even been injured.

In contrast, if damages were sustained by Ramsey as a result of Hurt's alleged discriminatory conduct, they had to be sustained before Ramsey was constructively discharged in June of 2017. In other words, the administrative prerequisite of a Right to Sue Notice does not affect the date when Ramsey was damaged by the alleged discriminatory acts of the Defendants. Rather the Notice is a required procedural step that must be completed before a plaintiff can recover for the damages that have already been sustained and were capable of ascertainment. In contrast, the damages of the *DePaul* plaintiff were not ascertainable until the PSC determined what rate the plaintiff should have been charged for telephone services by the defendant Southwestern Bell, which turned on how nursing schools should be classified for rate purposes.

Further, the MHRA states that "[a]ny action brought in court . . . shall be filed within ninety days from the date of the commission's notification letter . . . but no later than two years after the

alleged cause occurred or its reasonable discovery by the alleged injured party." Mo. Rev. Stat. §

213.111.1. Interpreting this limitation, Missouri courts routinely hold that MHRA claims accrue,

and the statute of limitations begins to run, on the date of the discriminatory acts. *See, e.g.*

*Plengemeier v. Thermadyne Indus.*, Inc., 409 S.W.3d 395, 400 (Mo. Ct. App. 2013) (limiting

MHRA claims based on date of discriminatory act); *Henderson v. Ford Motor Co.*, 403 F.3d 1026,

1032 (8th Cir. 2005) ("[Discrimination claims] accrue the date on which the adverse employment

action is communicated to the employee."). Therefore, there is at least a reasonable basis in fact

and law to find that Ramsey's claim "accrued" under the prior version of the MHRA, when Hurt

allegedly made offensive racial comments and Ramsey was constructively discharged. *See, e.g.*

*Marshall v. Walgreen Co.*, No. 18-331, 2018 WL 3025813, at ** 2–3 (E.D. Mo. June 18, 2018)

(denying motion to dismiss claim against an individual when Notice was issued after the

amendment's effective date).

Second, defendants argue that even if the prior version of the MHRA applies, Hurt is not a

proper defendant because he is not a supervisor. Prior to the recent amendment, the MHRA applied

to "any person directly acting in the interest of an employer." Mo. Rev. Stat. § 213.010(7) (2016).

This definition includes "employees other than the plaintiff's immediate supervisor, even if that

employee is outside of the plaintiff's direct chain of command." *Hill v. Ford Motor Co.*, 277

S.W.3d 659, 667 n. 7 (Mo. 2009) (citations omitted). Further, "the plain and unambiguous

language . . . imposes individual liability in the event of discriminatory conduct." *Id.* at 669

(citation omitted).

According to defendants, no Missouri court has held a non-supervisor individually liable

under the MHRA. However, even if individual liability is limited to supervisors, Ramsey asserts

that Hurt, while acting within the scope of him employment as Lead Machine Operator, was the

senior ranking employee on the work floor and directed employees' assignments.   Doc. 1-1

(Petition), ¶¶ 15–16, 44; Doc. 17-1 (Ramsey Declaration), ¶¶ 4–6.  Ramsey also argues that a non-

supervisor can be liable for his or her own discriminatory acts, and has submitted unpublished

Missouri state trial court decisions as support.  *See* Doc. 17-2; Doc. 17-3.  Accordingly, the Court

cannot conclude there is no reasonable basis in law and fact for Ramsey's claim.

Even if "the sufficiency of [Ramsey's] complaint against [Hurt] is questionable, 'the better

practice is for the federal court not to decide the doubtful question[s] in connection with a motion

to remand but simply to remand the case and leave the question for the state courts to decide.'"

*Filla*, 336 F.3d at 811 (citation omitted).  Accordingly, the Court refrains from deciding whether

Ramsey's claim against Hurt can proceed, and instead, remands the case because defendants have

not carried their burden of establishing fraudulent joinder.

## III.   Conclusion

For the reasons set forth above, the Court grants Plaintiff's motion to remand.  Defendant

Hurt's motion to dismiss is denied for lack of subject matter jurisdiction.


/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge


Dated:  January 7, 2019
Jefferson City, Missouri